[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on April 3, 1971 in Astoria, New York, She has resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Two children were born to the wife during the marriage. Both of the children are issue and minors, to wit: Jessica Noel Mihailin, born October 8, 1976; and Kristian Scott Mihailan, born February 29, 1980. CT Page 8477
The court finds that the marriage has broken down irretrievably and that there is no prospect for any reconciliation.
The husband is forty-one (41) years of age and in apparently good health, although he testified that he does have high blood pressure. The wife is forty-four (44) years of age and is also in good health. The wife has a college degree while the husband is a high school graduate.
The wife presently works at Union Carbide. She testified that she could not get a job in her teaching field since she is not presently certified. Further, she indicated that if she wished to pursue her certification, Union Carbide would pay for 70 percent of the cost.
She currently earns $436.15 per week gross and $349.38 net. In addition, she gets additional compensation of $26.00 per week for a grand total of $375.00 per week net.
Until a few months ago, the defendant was self-employed. He presently earns $711.00 per week net.
The wife testified that the marital problems started in 1980. Money became very tight and they could never agree on priorities. There was also an involvement in 1985 by the husband with another woman. The husband admits to this affair.
The husband was not able to articulate to the court's satisfaction what he felt caused the marriage to deteriorate. He broadly described their problems as a difference of opinion and lack of communication. On the basis of the evidence, the court attributes the fault of the breakdown to the husband.
Having considered all of the evidence and the mandated provisions of Connecticut General Statutes, Secs. 46b-81,46b-82 and 46b-84, the court further orders as follows:
1. A decree of dissolution may enter.
2. The parties shall have joint custody of the minor children and they shall primarily reside with the wife, and the husband shall have reasonable visitation as follows: alternate weekends from 5:00 P.M. on Friday through 9:00 P.M. on Sunday evening. The husband shall also have the minor children at spring break each year. The parties will alternate the major holidays. The husband shall be entitled to have the children with him for two weeks during the summer, and he shall give the wife notification on or before June 1 of each year with regard CT Page 8478 to his requested summer vacation time. The wife shall also have two uninterrupted weeks with the children in the summer and she shall notify the husband by June 1 of each year with regard to her choice of time. The parties shall alternate Thanksgiving and Christmas and December 24 of each year. The husband shall be entitled to have the children at least two days during the Christmas school recess. The husband shall have the children on Father's Day. The wife shall have the children on Mother's Day. The husband shall be entitled to see the children on their birthdays.
3. The defendant husband shall pay to the wife, as support for the minor children, the sum of $135.00 per week per child.
4. The husband shall pay to the wife the sum of $100.00 per week as periodic alimony, which alimony shall cease upon the happening of the first of the following events:
a) death of either party;
b) remarriage by the wife;
c) ten years from the date of this judgment.
In no event shall alimony be modifiable as to term.
5. The wife shall maintain medical insurance for the children provided it is an incident of her employment. All unreimbursed medical and dental expenses shall be divided equally by the parties. Orders are entered in accordance with and subject to Connecticut General Statutes, Sec. 46b-84(c).
6. As long as the husband pays child support in accordance with the court order, he shall be entitled to claim the oldest child as a tax exemption. The wife shall execute all documents necessary to effect this purpose.
7. The husband shall name the children as beneficiaries on his life insurance policy to the extent of $25,000.00 each for so long as he is required to pay support for said child or children. He shall further name the wife as a beneficiary to the extent of $50,000.00 for so long as he is obligated to pay alimony.
8. Each of the parties shall be responsible for his or her own counsel fees and costs.
9. The husband shall quitclaim to the wife all of his right, title and interest in the marital home located at 9 CT Page 8479 Meeting House Hill Circle, New Fairfield, Connecticut.
The husband shall provide the labor and materials necessary to repair the septic system to the town's satisfaction. This shall be done on or before October 15, 1992.
The wife shall be responsible for the payment of all taxes due on the marital premises including any future capital gains taxes.
She shall further be entitled to immediate exclusive possession of said premises.
The wife shall execute and deliver forthwith to the husband a fully executed mortgage deed and note in the amount of $60,000.00, without interest, which amount shall be paid to him upon the happening of the first of the following events:
a) remarriage by the wife;
 b) when the premises are no longer used by the wife as her primary residence;
c) death of the wife;
d) September 1, 1996.
The husband shall subordinate, upon request, his mortgage to any other mortgage up to the amount of $50,000.00.
10. All of the furnishing in the marital home except as to stipulated by the parties, shall be the sole and exclusive possession of the wife.
11. Except as otherwise provided, all debts of the wife in her name shall be her sole responsibility and all debts in the sole name of the husband shall be his responsibility.
12. The husband shall retain all ownership of the assets of GTM Corporation and shall be solely responsible for all debts attendant thereto.
13. The wife shall transfer all of her right, title and interest in the Cadillac and the boat to the husband. He shall be responsible for all debts due on said items of personal property and shall hold the wife harmless and indemnify her.
Mihalakos, J. CT Page 8480